**Azam SAEED, Plaintiff–Appellant,**

v.

**THE WARNER–LAMBERT COMPANY, Defendant– Appellee.**

No. 02–7719.

United States Court of Appeals, Second Circuit.

March 21, 2003.

Felix J. Springer, Day, Berry & Howard, LLP, Hartford, CT, for Appellant.

Mary A. Gambardella, Epstein Becker & Green, P.C., Stamford, CT, for Appellee.

PRESENT: McLAUGHLIN, JACOBS, and POOLER, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the twenty-first day of March, two thousand three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the judgment of the district court be AFFIRMED.

Plaintiff-appellant Azam Saeed appeals from an order entered in the United States District Court for the District of Connecticut (Dorsey, *J.*) on May 14, 2002, granting summary judgment to his former employer, defendant Warner–Lambert Company ("WL"), and dismissing all of his claims. Saeed sued under 42 U.S.C. § 1981, alleging discrimination on the basis of his race and Pakistani heritage, and asserting several claims under New Jersey state law. Saeed appeals the dismissal of his § 1981 claim, his claim for breach of the covenant of good faith and fair dealing, and his intentional infliction of emotional distress claim.[1]

We review the district court's grant of summary judgment *de novo*. *See Young v. County of Fulton*, 160 F.3d 899, 902 (2d Cir.1998). In doing so, we construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir.1998). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

1. *Section 1981:* In order to state a claim under 42 U.S.C. § 1981, plaintiff must first establish a prima facie case of discrimination, showing "(1) that he belongs to a protected class, (2) that he was performing his duties satisfactorily, (3) that he was discharged, and (4) that his discharge occurred in circumstances giving rise to an inference of discrimination on the basis of his membership in that class." *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir.1997). Such showings create a presumption of discrimination, which defendant must rebut by "articulat[ing] a legitimate, clear, specific and non-discriminatory reason for discharging the employee." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir.1995); *see also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506–07, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Plaintiff must then prove that this reason was merely pretextual, *i.e.*, that it was "false and that discrimination was the real reason." *Quaratino*, 71 F.3d at 64 (emphasis omitted).

Without deciding whether Saeed states a prima facie case of discrimination,

---

1. Saeed does not challenge the district court's dismissal of his other claims (breach of contract, negligent misrepresentation, negligent infliction of emotional distress, and promissory estoppel).

we affirm because he fails to raise any genuine issue of material fact as to whether WL's proffered reason for his termination was pretextual. WL terminated Saeed's employment on the ground that he resisted and refused assignments. After several months of discussions about his role with the company, WL terminated Saeed two days after he informed management by e-mail that "[t]he current alternative being offered [in Italy] is the same that I have already turned down.... I am certain that prolonging the status quo will only create further misunderstanding.... [T]he best solution in this case would be to move me to a different location."

The disparaging remarks Saeed attributes to two of his regional supervisors do not create a material issue as to pretext. *See O'Connor v. Viacom Inc./Viacom Int'l Inc.*, No. 93 CIV. 2399(LMM), 1996 WL 194299, at *5 (S.D.N.Y. Apr.23, 1996) ("stray remarks in the workplace ... without a demonstrated nexus to the complained of personnel actions, will not defeat the employer's motion for summary judgment"). As Saeed concedes, "[n]either Green nor Montanari participated directly in the decision to terminate [his] employment." (Pl.'s Br. at 29.) Dr. Wild and the other WL managers were no mere "rubber stamp" for alleged racism by subordinates. *See Collins v. New York City Transit Auth.*, 305 F.3d 113, 115 (2d Cir.2002) (affirming summary judgment for defendant "[w]here an employee's ultimate termination depend[ed] upon, and [was] allowed by, a decision of an independent and unbiased arbitrator based on substantial evidence after a fair hearing"); *see also Corcoran v. GAB Bus. Servs., Inc.*, 723 F.Supp. 966, 968–69 (S.D.N.Y.1989). *Cf.*

*Shager v. Upjohn Co.*, 913 F.2d 398, 402 (7th Cir.1990). Saeed's pretext argument is further undermined by the fact that WL did not terminate him until after moving him to Italy, training him, and trying for months to find an assignment that would please him.

2. *Good Faith and Fair Dealing:* New Jersey law recognizes an implied covenant of good faith and fair dealing in all contracts.[2] *See Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 773 A.2d 1121, 1126 (N.J.2001). That is, one party may not impair the other party's right to receive contractual benefits by bad faith conduct that violates community standards of fairness. *See id.* (citing Restatement (Second) of Contracts § 205 cmt. a (1981)). To establish a breach of this covenant, plaintiff must show that defendant acted with an improper motive. *See id.* at 1130.

The district court dismissed this claim on the ground that Saeed fails to establish any genuine issue of material fact to suggest that WL acted with an improper motive. We agree. Saeed's employment in WL's global associates program entitled him to at-will employment in a series of temporary assignments with increasing responsibility based upon his individual performance. WL sent Saeed to Italy, trained him, and provided him with multiple assignments. Saeed's refusal of assignments was a proper motive for his dismissal. As to arrangements for Saeed's relocation, he offers no evidence that he was entitled by contract to relocation expenses or to any other benefits upon his termination.

3. *Infliction of Emotional Distress:* In order to state a claim for intentional infliction of emotional distress ("IIED") under

2. We assume, as the district court did, that New Jersey law applies based upon agreement of the parties.

New Jersey law, plaintiff must show (1) intentional and outrageous conduct by the defendant, (2) proximate cause, and (3) severe emotional distress. *See Griffin v. Tops Appliance City, Inc.*, 337 N.J.Super. 15, 766 A.2d 292, 296 (N.J.Super.Ct.App.Div.2001). The emotional distress must be "so severe that no reasonable man could be expected to endure it." *Id.* (internal quotation marks omitted).

As the district court observed, Saeed's only evidence of distress is hair loss and difficulty sleeping for "a number of months." (Tr. of Saeed Deposition, dated June 5, 2001, at 558–60.) He conceded that he was able to engage in normal daily activities and did not take any medication, undergo any tests, or seek treatment of any kind beyond consulting his physician wife. (*See id.*) New Jersey courts have rejected such vague and unsubstantiated maladies as insufficient to establish IIED. *See, e.g., Buckley v. Trenton Sav. Fund Soc'y*, 111 N.J. 355, 544 A.2d 857, 864–65 (N.J.1988); *Griffin*, 766 A.2d at 298. Saeed offered no proof of psychological trauma or any lasting problems. He argues that we should take into account his unique personal circumstances, including the stoicism bred by his military training, but "people cannot recover for *idiosyncratic* emotional distress that would not be experienced by *average* persons." *Taylor v. Metzger*, 152 N.J. 490, 706 A.2d 685, 697 (N.J.1998) (emphases added).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.